**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JOSEPHINE DOUGLAS,**

    **Plaintiff,**

vs.                                                                                  No. 2:24-cv-00505-MLG-KRS

**THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY d/b/a
GOOD SAMARITAN SOCIETY
BETTY DARE, and SANFORD HEALTH
FOUNDATION,**

    **Defendants.**

## STIPULATED PROTECTIVE ORDER

THIS MATTER is before the Court on the Joint Motion For Entry of Stipulated Protective Order (Doc. 28) filed by Plaintiff Josephine Douglas and Defendant The Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Society Betty Dare ("Good Samaritan"). The parties jointly request entry of the Stipulated Protective Order to preserve and maintain the confidentiality of certain confidential materials to be produced by Plaintiff or Good Samaritan (collectively, "the parties"), and in anticipation of needing discovery involving the production and disclosure of documents, data, and other materials and information, and the taking of testimony by oral deposition pertaining to employee personnel files and/or other private employee information within the possession of Good Samaritan. Finding good cause and noting the agreement of the parties, the Court grants the Motion and enters a Stipulated Protective Order in the case as follows:

    1.    This Protective Order ("Order") governs the treatment of all documents, depositions, deposition exhibits, and other discovery material ("Discovery Material") produced by any party or non-party in the above-captioned case.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, whether produced as hard copy or otherwise that are a part of the confidential materials.

3. Documents to be produced by the parties in this litigation which contain confidential information as defined in this Order shall hereinafter be referred to as "Protected Documents." Any document or any information designated as "Confidential" or "Subject to Protective Order" in accordance with the provisions of this Order shall only be used, shown, or disclosed as provided in this Order.

4. A party may mark "Confidential" or "Subject to Protective Order" only the following categories of documents, information, items, or materials (including electronically created or stored information): medical records; personnel files; tax returns; trade secret or other confidential research, development, or commercial information; any other information that would subject the producing party to undue annoyance, embarrassment, or oppression if publicly revealed. This Order applies only to the aforementioned categories of documents, information, items, or materials. Information or documents that are available to the public or have not previously been kept in a confidential manner do not fall under any of the aforementioned categories and are excluded from this Order.

5. The parties may redact from the Discovery Material without creating a privilege log, information concerning:

    a. Social Security Numbers;

    b. Driver's license numbers;

    c. Bank account information;

    d. Health and medical treatment information.

6. The burden of proving that a Protected Document contains confidential information is on the producing party. If the receiving party disagrees with the "confidential" designation of any document from the Protected Documents, the receiving party will so notify the producing party's attorneys in writing. The producing party will timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. Any document so marked as confidential will continue to be treated as such pending determination by the Court as to its confidential status.

7. The designation of Protected Documents may be made by marking or placing the notice "Confidential," "Subject to Protective Order," or substantially similar notice, on the document, or where a copy of the original document is to be produced, on that copy.

8. Protected Documents and any copies thereof received pursuant to paragraph 9 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

9. Protected Documents may be disclosed or made available only to "Qualified Persons" and only in connection with this action. Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties to this litigation who are subject to this Order.

    b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action.

    c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a

    competitor of the producing party, and that any such experts or consultants execute an undertaking to be bound by this Order (in the form of the undertaking which has been agreed upon by counsel but not attached hereto) prior to any disclosure, and that a copy of such signed undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s).

d.  Litigation support personnel and firms, such as copying services, imaging services, coding services, and deposition coordination services, provided that such people or firms execute an undertaking, and that a copy of such signed undertaking is retained by counsel for the party making disclosure to such person or firm.

e.  Potential non-party witnesses in this case and their counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery, provided that any such persons and any such counsel execute the undertaking prior to disclosure, a copy of such signed undertaking is retained by counsel for the party making disclosure so that it may be shown to counsel for the designating party upon request, and seven days prior notice of such disclosure is given to the producing party.

f.  The Court, the Court's staff, witnesses, and the jury in this case.

g. The disclosure of such confidential materials to said experts or consultants will be in hard copy form only and will not be in any digitized or other computer readable format (such as PDF format).

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information.

11. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12. The parties acknowledge that this Order does not entitle them to seal all confidential information filed with the Court. In the event a party seeks to file any Protected Document or document containing confidential information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document a Protected Document; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking leave to file the Protected Document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a Protected Document as a separate sealed exhibit before a sealing order

is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the Protected Document is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the Protected Document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within seven days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the seven-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

13. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, Protected Documents may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice of the intended use of the Protected Documents to opposing counsel as may be required by a scheduling or other order. Any party may move the Court for an order that the Protected Documents be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection(s) may be afforded to such information at the trial or hearing.

14. Counsel for the parties shall be required to return the Protected Documents, and all copies of the same, to the producing party after the conclusion of this case.

15. Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

16. This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

17. After termination of this litigation, the provisions of this Order shall continue to be binding on the parties with regard to the Protected Documents, and, upon their return pursuant to paragraph 14 of this Order, with regard to any and all work product, pleadings, deposition transcripts, or any other documents remaining in the possession of the parties that may include quotations from, pages of, or other portions of the privileged documents.

18. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control, unless and until a party seeks and obtains a court order modifying this Order, which may be done at any time.

19. All persons described in paragraph 9 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained the producing party's Protected Documents and Confidential information.

20. Except as specified in this Order, discovery in this action shall remain subject to the Federal Rules of Civil Procedure and orders of this Court.

IT IS SO ORDERED this 27th day of March, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

Submitted by:

MODRALL, SPERLING, ROEHL, HARRIS
MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: /s/ Jeremy K. Harrison
    Jeremy K. Harrison
    jkh@modrall.com
    *Attorneys for Defendant*
    *The Evangelical Lutheran Good Samaritan Society*

YOUTZ & VALDEZ, P.C.

By: /s/ *Stephen Curtice via email on March 12, 2025*
    Shane C. Youtz
    shane@youtzvaldez.com
    Stephen Curtice
    stephen@youtzvaldez.com
    James A. Montalbano
    james@youtzvaldez.com
    Grace Rhodehouse Barberena
    grace@youtzvaldez.com
    *Attorneys for Plaintiff*